IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCO GOMEZ** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **DAVID PITKINS, et al.** | : | **NO. 10-955** |

### ORDER

**AND NOW**, this 14th day of October, 2011, after careful review and independent consideration of the "Petition for Writ of Habeas Corpus" (Doc. No. 1), Petitioner's "Memorandum of Law in Support of 2254 Petition," (Doc. No. 7), and the responses and replies thereto, and after review of the Report and Recommendation of United States Magistrate Judge M. Faith Angell, and Petitioner's objections thereto, it is hereby **ORDERED** that:

1. Plaintiff's objections (Doc. No. 16) are **OVERRULED**;[1]

2. The Report and Recommendation of United States Magistrate Judge M. Faith Angell ("R&R") (Doc. No. 17) is **APPROVED** and **ADOPTED**, consistent with this Order;

3. The Petition for Habeas Corpus is **DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING**;

4. There is no probable cause to issue a certificate of appealability;

5. The Clerk of Court is directed to mark this case **CLOSED**.

BY THE COURT:

/s/ Mitchell S. Goldberg
_____
**MITCHELL S. GOLDBERG, J.**

---

1. On April 26, 2006, a jury found Petitioner guilty of attempted deviate sexual intercourse, sexual assault, indecent assault and unlawful restraint, in connection with his assault of a women in the cellar of the grocery store in which he worked. The jury found Petitioner not guilty of

rape. Petitioner filed a timely appeal to the Pennsylvania Superior Court. On September 25, 2008, the Superior Court issued an opinion rejecting all of Petitioner's claims and affirming the judgment of conviction. The Pennsylvania Supreme Court denied his petition for allowance of appeal on April 29, 2009. See (R&R at 1-3); Commonwealth v. Gomez, No. 2447 EDA 2006 at 1-4 (Pa.Super. 2004).

On March 5, 2010, without seeking state collateral review, Petitioner filed a timely petition for habeas corpus in this Court, asserting that: (1) the trial court failed to suppress his statement to police in violation of his Fifth and Fourteenth Amendments; (2) the trial court failed to suppress photographs that were taken of him by police in violation of the Fourth and Fourteenth Amendments; (3) his conviction for attempted involuntary deviate sexual intercourse, indecent assault and sexual assault were based upon insufficient evidence in violation of the Fourteenth Amendment; and (4) the Pennsylvania Court's denied him Equal Protection and Due Process of Law. (Pet. at 7-8.)

On October 18, 2010, the Honorable Faith Angell issued a Report and Recommendation (R&R), rejecting Petitioner's arguments and recommending that his petition be denied. (R&R at 14.) Petitioner raises four objections to the R&R. (Doc. No. 13.) Petitioner's third and fourth objections essentially repeat the claims of trial court error contained in his petition, and are without merit for the reasons provided by Judge Angell. See (R&R at 6-9.) Petitioner's first and second objections, however, although also without merit, require additional discussion not provided by Judge Angell.

Petitioner first asserts that Judge Angel failed to review the Superior Court's sufficiency of the evidence determination under 28 U.S.C. § 2254(d)(2). Section 2254(d)(2) provides that a claim adjudicated on the merits in state court will not give rise to habeas relief unless the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The state court's decision must be "objectively unreasonable" to satisfy this standard. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). This level of deference, however, "does not imply abandonment or abdication of judicial review" or preclude habeas relief on the basis of a state court's consideration of the factual record. Id.

The Superior Court determined that there was sufficient evidence to convict Petitioner of attempted involuntary deviate sexual intercourse (IDSI) and sexual assault, based upon the victim's testimony "that [Petitioner] forced his penis into her vagina, that he attempted to put his penis in her anus and also attempted to force her to perform oral sex on him." Commonwealth v. Gomez, No. 2447 EDA 2006 at 15-14 (Pa.Super. 2004). Indeed, at trial, the victim testified that Petitioner "grabbed the back of her head and tried to force [her] head to go down toward his penis," and although she "was pushing him off of [her,]" he penetrated her vagina and attempted to penetrate her anus. (N.T. 4/6/06 pp. 70-75); see also (N.T., 4/7/06 pp. 61-63.)

Petitioner does not dispute that this testimony, if believed, is constitutionally sufficient to support a conviction for attempted IDSI and sexual assault. Rather, Petitioner asserts that "a careful review of the evidence reflects that [the victim's] story is so filled with inconsistencies it could not be believed by a rational juror and the verdict in the Pennsylvania Courts was an unreasonable determination of the facts" in the meaning of 28 U.S.C. § 2254(d)(2). (Doc. No. 11 at 14.) In support of this argument, Petitioner points to the victim's history of mental health problems, her appearance and behavior after the incident and the lack of "DNA evidence." (Doc.

No. 19 at 13-20); see also (R&R at12-13) (reviewing the basis of Petitioner's challenge); (N.T. 4/7/06 pp. 7, 42-45, 48-49, 68-69, 95-98, 125-26.)

Petitioner's arguments, however, address the victim's credibility, not whether her testimony was constitutionally sufficient to support a conviction. In evaluating the constitutional sufficiency of evidence, a reviewing court must view the evidence in a light most favorable to the prosecution and may not resolve credibility issues or weigh the evidence. See Tibbs v. Florida, 457 U.S. 31, 37-38 (1982); Jackson v. Virginia, 443 U.S. 307, 319 (1979). There was nothing "objectively unreasonable," therefore, about the Superior's Court's characterization of the victim's testimony or its reliance on her testimony in ruling upon Petitioner's sufficiency of the evidence challenge. In reaching this conclusion, we also reject Petitioner's contention that the jury's decision not to convict him of rape reflects that the Superior Court's consideration of the factual record was unreasonable. Even if we were to conclude that the jury's verdict was somehow "inconsistent," this would not render his convictions unconstitutional. See U.S. ex rel Hatrak v. Hubbard, 588 F.2d 414, 419 (3d Cir. 1978) (acknowledging that it is well settled that "inconsistent verdicts" are permissible); Moore v. Diguglielmo, 2009 WL 2633776 at **13-15 (W.D.Pa. Aug. 25, 2009) (treating a "inconsistent verdict" claim as distinct from sufficiency of the evidence claim, but nevertheless rejecting the claim because such verdicts are constitutional).

Petitioner also challenges Judge Angel's determination that he failed to exhaust his claim that there was insufficient evidence to support his conviction for indecent assault. Even assuming, however, that this claim was properly exhausted, it is without merit. In Jackson v. Virginia, the United States Supreme Court held that a state conviction will not be overturned unless, after viewing the evidence in a light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 443 U.S. 307, 319 (1979).

A conviction of indecent assault requires the Commonwealth to prove that the defendant "had indecent contact with the complainant, causes the complainant to have indecent contact with [the defendant] or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purposes of arousing sexual desire in the [defendant] or complainant[,] "without the complainant's consent." 18 PA. CONS. STAT. § 3126(a)(1). Indecent contact is "[a]ny touching of the sexual or other intimate parts of the person for the purposes of arousing or gratifying sexual desire, in either person." 18 PA. CONS. STAT. § 3101. At trial, the victim testified that, although she was "pushing him off of [her,]" Petitioner inserted his fingers into her vagina. (N.T. 4/6/06 pp.67-71.) Based upon this evidence, as well as the testimony described above, a rational juror could conclude that the Commonwealth had proven the essential elements of indecent assault beyond a reasonable doubt. See Commonwealth v. Kelly, 801 A.2d 551, 557-58 (Pa. 2002).

With his second objection, Petitioner asserts that the Pennsylvania Superior Court denied him due process and equal protection of the law, because it failed to address his argument that there was insufficient evidence to sustain his convictions, pursuant to Commonwealth v. Karkaria, 625 A.2d 1167 (Pa. 1993). In Karkaria, the Pennsylvania Supreme Court acknowledged that there "is an exception to the general rule that the jury is the sole arbiter of the facts where the testimony is so inherently unreliable that a verdict based upon it could amount to no more than surmise or conjecture." 625 A.2d at 1170. Applying this exception, the

3

Karkaria Court held that the testimony offered in support of the defendant's rape conviction was "so unreliable and contradictory that it is incapable of supporting a verdict of guilty[.]"  Id. at 1172.  Petitioner asserts that he was entitled to the same relief, "yet the Superior Court denied him [the] opportunity to have that standard utilized" and "the right to be heard under these standards."  (Doc. No. 19 at 22-23.)  Petitioner's claim does not entitle him to habeas relief.

       Initially, Petitioner did not present this claim to the state courts, and would now be barred from doing so on state collateral review.  See 42 PA. CON. STAT. § 9545(b)(1)-(3) (requiring a prisoner to file a petition for state collateral review within one year of the conclusion of direct review, including the period for seeking review from the United States Supreme Court); (Doc. No. 10, Ex. C) (reflecting this claim was not presented in his brief to the Superior Court); Commonwealth v. Gomez, 970 A.2d 429 (Pa. 2009) (reflecting his petition for allowance of appeal was denied by the Pennsylvania Supreme Court on April 29, 2009).  This claim, therefore, is procedurally defaulted, see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and is not subject to federal review unless Petitioner can show "cause and prejudice" or a "fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722, 750 (1991).

       In any event, Petitioner's claim is without merit.  The Superior Court specifically determined that the testimony offered in support of his conviction was not "inherently unreliable" during its discussion of Petitioner's sufficiency of the evidence claim.  Commonwealth v. Gomez, No. 2447 EDA 2006 at 16 (Pa.Super. 2004).  Thus, although the Court questioned whether it was appropriate to consider the credibility of a witness when addressing a sufficiency of the evidence challenge, it specifically determined that the exception articulated in Karkaria was not applicable in Petitioner's case.  Id. at 13-16; see also (R&R at 13-14) (determining that it is "obvious that the present case does not meet Karkaria's 'inherently unreliable' standard").  We are unable to conclude, therefore, that Petitioner was denied an opportunity to be heard on this issue or refused protections available to other defendants.